UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sheet Metal Workers' Local
Union No. 80 Pension Trust
Fund; et al.,

        Case No. 10-10935

    Plaintiffs,

        Hon. Sean F. Cox

v.

Accurate Installation Services,
Inc.,

    Defendant.

_____/

## OPINION & ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Plaintiffs, a collection of employee-benefit-fund trustees affiliated with the Sheet Metal Workers' Local Union No. 80, filed this suit against Accurate Installation Services, Inc. ("Defendant") alleging that Defendant has failed to pay benefit-fund contributions. The case is before the Court on Plaintiffs' Motion for Default Judgment (Doc. No. 8). Defendant has failed to respond to the motion. On August 5, 2010, the Court held a hearing, at which the Defendant failed to appear. For the following reasons, the Court shall GRANT Plaintiffs' motion.

### BACKGROUND

On March 9, 2010, Plaintiffs filed this action against Defendant (Doc. No. 1).

On April 9, 2010, Defendant was personally served with a summons and a copy of Plaintiffs' complaint (Doc. No. 3).

Defendant has failed to file a responsive pleading.

1

In their complaint, Plaintiffs assert that the benefit-fund plans were established through collective bargaining and are maintained pursuant to Section 302 of the Labor-Management Relations Act of 1947 ("LMRA") and the Employee Retirement Income Security Act of 1974 ("ERISA").

Plaintiff claims that Defendant is a Michigan Corporation with its principal place of business in Mecosta, Michigan. (Pls.' Cmpl. at ¶ 3).

Plaintiffs allege that Defendant owes them $6,748.86 (representing $6,135.33 in delinquent contributions and $613.53 in liquidated damages) plus attorneys' costs and fees totaling $905.00.

On May 12, 2010, Plaintiffs filed a Request for a Clerk's Entry of Default (Doc. No. 4), which was granted the following day (Doc. No. 6).

On May 20, 2010, Plaintiffs filed a Motion for Default Judgment (Doc. No. 8).

ANALYSIS

Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Plaintiffs' complaint requests the same relief as their motion for default judgment. *See* (Pls.' Cmpl at ¶ B); (Pls.' Motion at p. 2).

Prior to filing their motion for default judgment, Plaintiffs obtained a clerk's entry of default.

Plaintiffs have also attached an affidavit and spreadsheet in support of their request for attorney fees, which are proper under ERISA. *See* 29 U.S.C. § 1132(g)(2).

CONCLUSION

For the reasons above, **IT IS ORDERED** that Plaintiffs' Motion for Default Judgment is

**GRANTED**. The Default Judgment shall issue forthwith.

**IT IS SO ORDERED**.

        s/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: August 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2010, by electronic and/or ordinary mail.

        s/Jennifer Hernandez
        Case Manager